**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MINDY LOSEE, individually and as
successor in interest to Breanne Sharpe,
deceased,

            Plaintiff-Appellant,

 v.

CITY OF CHICO; SCOTT ZUSCHIN;
DAMON SELLAND; JARED CUMBER;
NICK VEGA; DAVID QUIGLEY,

            Defendants-Appellees.

No.   16-16541

D.C. No.
2:14-cv-02199-KJM-CMK

MEMORANDUM*

Appeals from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted April 13, 2018
San Francisco, California

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW and HURWITZ, Circuit Judges, and OLIVER,[**] District Judge.

Mindy Losee ("Losee") brought this action as the next of kin of Breanne Sharpe ("Sharpe"), who was killed after police officers fired shots into her moving vehicle. Losee timely appeals the district court's order granting summary judgment to all defendants in this 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

1. The district court did not err in granting summary judgment on the basis of qualified immunity to Officers Selland, Vega, Cumber, and Quigley on Losee's excessive force claim. Viewing the facts in the light most favorable to Losee, the record demonstrates that those officers had a reasonable fear of imminent physical harm at the time they fired their shots. By the time these officers fired their weapons, Sharpe was driving the Honda directly at them or other officers after either evading officers and crashing into a utility pole, or after crashing into a patrol car, a tree, and narrowly missing at least one officer. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (explaining that the Fourth Amendment inquiry in excessive force cases "requires careful attention to the facts and circumstances

[**] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

of each particular case, including . . . whether the suspect poses an immediate threat to the safety of the officers or others"); *Tennessee v. Garner*, 471 U.S. 1, 11 (1985) ("Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force.").

The district court also did not err in granting summary judgment to those officers on Losee's state law claims for battery, negligence, and a violation of the Bane Act, because each of those claims require a showing that the officers' conduct was objectively unreasonable. *See Chaudhry v. City of L.A.*, 751 F.3d 1096, 1105 (9th Cir. 2014) (explaining that "the elements of the excessive force claim under [the Bane Act] are the same as under § 1983" (quoting *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013))); *Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1129 (9th Cir. 2010) (explaining that, "[u]nder California law, a plaintiff bringing a battery claim against a law enforcement official has the burden of proving the officer used unreasonable force"); *Hayes v. Cty. of San Diego*, 305 P.3d 252, 258 (Cal. 2013) (considering a plaintiff's negligence claim "in relation to the question whether the officers' ultimate use of deadly force was reasonable").

2. However, the district court erred when it determined that Sergeant Zuschin was entitled to qualified immunity on Losee's excessive force claim. The

3

right not to be shot in a car that poses no immediate danger to police officers or others is clearly established. *See Acosta v. City & Cty. of S.F.*, 83 F.3d 1143, 1148 (9th Cir. 1996) (holding that "the law governing 'shooting to kill' a fleeing suspect is clearly established and . . . a reasonable officer could not have reasonably believed that shooting at the driver of the slowly moving car was lawful").

Viewed in the light most favorable to Losee, there is a disputed question of fact as to whether Sergeant Zuschin had an objectively reasonable fear of serious physical harm to himself or others when firing his four shots at the Honda. Sergeant Zuschin was the first officer to fire his weapon. Although it is not clear which, if any, of Sergeant Zuschin's shots struck Sharpe in the head, on appellant's version of the facts, Sergeant Zuschin was not in immediate danger of being struck when he fired his first two shots because he could have avoided the Honda as it slowly backed away from the utility pole. *See Acosta*, 83 F.3d at 1146 (finding excessive force where "a reasonable officer . . . would have recognized that he could avoid being injured when the car moved slowly" towards him (footnote omitted)). Nor was there an immediate threat of physical harm when Sergeant Zuschin fired his last two shots at the Honda, through the back window, as it began to pull forward in a direction away from him and the other officers positioned behind him. *See Adams v. Speers*, 473 F.3d 989, 991–92, 994 (9th Cir. 2007)

4

(holding that an officer who shot at a vehicle "as it rolled backwards away from him" was not entitled to qualified immunity because of "the lack of danger to the shooter").

3.  Because a jury could conclude that Sergeant Zuschin's conduct, including his preshooting conduct, was objectively unreasonable, the district court also erred in granting summary judgment to Sergeant Zuschin on Losee's state law battery and negligence claims. *See Bowoto*, 621 F.3d at 1129; *Hayes*, 305 P.3d at 257 (explaining that an "officer's duty to act reasonably when using deadly force extends to preshooting conduct").

4.  The district court did not err, however, in granting summary judgment to Sergeant Zuschin on Losee's Bane Act claim.  Liability under the Bane Act requires an officer to have had "a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quoting *Cornell v. City & Cty. of S.F.*, 225 Cal. Rptr. 3d 356, 384 (Ct. App. 2017)).  Evidence simply showing that an officer's conduct amounts to a constitutional violation under an "objectively reasonable" standard is insufficient to satisfy the additional intent requirement under the Bane Act. *See id.* at 1045.  Rather, Losee must show that Sergeant Zuschin "intended not only the force, but its unreasonableness, its character as more than necessary under the

5

circumstances." *See id*. (quoting *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993)).  Losee proffered no such evidence.

5.  The district court did not err in granting summary judgment to the defendants on Losee's substantive due process claim for interference of familial relations in violation of the Fourteenth Amendment because Losee failed to demonstrate that any of the officers acted with a subjective "purpose . . . to cause harm unrelated to the legitimate object of arrest."  *Porter v. Osborn*, 546 F.3d 1131, 1140 (9th Cir. 2008) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998)); *see also Gonzalez v. City of Anaheim*, 747 F.3d 789, 798 (9th Cir. 2014) (noting that "speculation as to . . . improper motive does not rise to the level of evidence sufficient to survive summary judgment" (quoting *Karem v. City of Burbank*, 352 F.3d 1188, 1194 (9th Cir. 2003))); *Porter*, 546 F.3d at 1141 (explaining that, to support a substantive due process claim, an officer's actions must be "undertaken to induce . . . lawlessness, or to terrorize, cause harm, or kill" (alteration in original) (quoting *Lewis*, 523 U.S. at 855)).

Losee's argument that the various officers must have shot at Sharpe in order to teach her a lesson for fleeing or failing to follow commands also fails.  Even Losee's expert opined that each officer had a subjective fear for his safety and the safety of others, and there is no other evidence in the record to support the

6

conclusion that these officers shot for anything but a legitimate law enforcement purpose. Similarly, even assuming that Sergeant Zuschin did not have an objectively reasonable fear for his safety or the safety of others when he shot at the Honda, the record is devoid of evidence from which one could conclude that he acted with a purpose beyond legitimate law enforcement objectives.

6. In light of the district court's conclusion that the officers' conduct was not unreasonable, it dismissed each of Losee's state law claims against each of the defendants, including Losee's battery and negligence claims against the City of Chico. Because a reasonable jury could find that Sergeant Zuschin used excessive force, Losee's battery and negligence claims against the City of Chico must also proceed. *See* Cal. Gov't Code § 815.2 (imposing vicarious liability on public entities for the tortious acts and omissions of their employees).

Each side shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

7